## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

———————————————————— x
:
:
AIP ACQUISITION LLC,                    :
:
Plaintiff,          :
:
v.                           :          Civil Action No. _____
:
LEVEL 3 COMMUNICATIONS, INC.,           :
:          **JURY TRIAL DEMANDED**
Defendant.          :
:
:
———————————————————— x

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff AIP Acquisition LLC ("AIP") by way of this Complaint against Level 3 Communications, Inc. ("Level 3") hereby alleges with knowledge with respect to its own acts and upon information and belief with respect to all others:

## PARTIES

1.      AIP is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 2200 Fletcher Avenue, 5th Floor, Fort Lee, New Jersey 07024.

2.      Level 3 is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1025 Eldorado Boulevard, Broomfield, Colorado 80021.

## JURISDICTION AND VENUE

3.      This is a civil action for patent infringement arising under 35 U.S.C. §§ 100, *et seq.*, and in particular § 271.

4.      This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. § 1338(a).

5.      This Court has personal jurisdiction over Level 3.  Level 3 is incorporated under the laws of the State of Delaware.  Further, Level 3 regularly conducts and solicits business in Delaware and derives substantial revenue from goods used or services rendered in Delaware and within this judicial district.

6.      Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b) because Level 3 resides in this judicial district and because Level 3 has committed acts of infringement in this judicial district.

## FACTUAL BACKGROUND

### AIP and the Patents

7.      The members of AIP are former shareholders of Arbinet Corporation ("Arbinet").

8.      Arbinet is a leading wholesale international voice and data communications service provider, operating an electronic market for cost-effective and efficient trading, routing and settling of communications capacity.  Arbinet owned a significant telecommunications patent portfolio.

9.      In late 2010, Arbinet was acquired by another entity.  Subsequently, a majority of Arbinet shareholders organized AIP, and acquired Arbinet's portfolio of patents and patent applications. The patents in suit are part of this portfolio.

10.     Five of AIP's communications patents are at issue here.  These patents concern methods and systems for efficient communication and routing.

11.     On February 25, 1997, the United States Patent and Trademark Office issued United States Patent No. 5,606,602 ("the '602 Patent") on, *inter alia*, automated routing based on

economic incentives involving a telecommunication switch, in which decision rules and economic incentive data regarding carriers are entered into an adjunct computer's database; decision rules are applied to the economic incentive data to populate the switch's routing table with carrier selection data; and call attempts are routed based on carrier selection data. The Patent is entitled BIDDING FOR TELECOMMUNICATIONS TRAFFIC. A copy of the '602 Patent is attached as Exhibit A.

12. On June 29, 1999, the United States Patent and Trademark Office issued United States Patent No. 5,917,897 ("the '897 Patent") on, *inter alia*, automated routing based on economic incentives involving a telecommunication switch, in which carrier selection data resulting from a bidding process is entered into a database associated with the switch; and a carrier is selected accordingly. The Patent is entitled SYSTEM AND METHOD FOR CONTROLLING A TELECOMMUNICATION NETWORK IN ACCORDANCE WITH ECONOMIC INCENTIVES. A copy of the '897 Patent is attached as Exhibit B.

13. On June 29, 2004, the United States Patent and Trademark Office issued United States Patent No. 6,757,275 ("the '275 Patent") on the interconnection of circuit-switched and packet-switched networks involving generating a routing table; associating information with customer identifiers; receiving traffic including packet-switched information and/or customer identifiers; identifying the associated customer identifier and/or packet-switched network; and selecting a circuit-switched network accordingly and/or converting the traffic into a compatible format. The Patent is entitled METHOD AND SYSTEM OF MANAGING CONNECTIONS BETWEEN CIRCUIT-SWITCHED AND PACKET-SWITCHED NETWORKS. A copy of the '275 Patent is attached as Exhibit C.

14.     On May 25, 2010, the United States Patent and Trademark Office issued United States Patent No. 7,724,879 ("the '879 Patent") on the communication between two telecommunication nodes involving the transmission that includes, *e.g.*, a call setup request or signaling messages in a telecommunication protocol over a telephone network; converting the transmission to an internet protocol; transmitting the transmission over a data network; converting the transmission to a telecommunication protocol; and transmitting the transmission to the second telecommunication node.  The Patent is entitled EFFICIENT COMMUNICATION THROUGH NETWORKS.  A copy of the '879 Patent is attached as Exhibit D.

15.     On February 3, 2009, the United States Patent and Trademark Office issued United States Patent No. 7,486,662 ("the '662 Patent") on the interconnection of circuit-switched and packet-switched networks involving assigning an identifier to a packet-switched network; by a network switch, receiving traffic from a circuit-switched network; selecting a packet-switched network for receiving traffic; associating traffic with an identifier; receiving such traffic by a voice over internet protocol platform; by the platform's routing table, retrieving destination information; converting traffic into a packet-switched compatible format; and transmitting the traffic to a packet-switched network.  The Patent is entitled METHOD AND SYSTEM OF MANAGING CONNECTIONS BETWEEN CIRCUIT-SWITCHED AND PACKET-SWITCHED NETWORKS.  A copy of the '662 Patent is attached as Exhibit E.

16.     AIP is the assignee of the '602, '897, '275, '879, and '662 Patents (collectively, "the Patents").

***Level 3's Infringing Services***

17.     Level 3 makes, uses, offers for sale, and/or sells within this judicial district at least the following infringing communications services:

a.      Enterprise Long Distance Service;

b.      ISDN PRI Local Voice Service;

c.      Digital Trunk Local Voice Service;

d.      SIP Trunking Service; and

e.      Voice Termination Service.

18.      The communications services identified in Paragraph 17 provide communication between two telecommunication nodes involving the transmission that includes, *e.g.*, a call setup request or signaling messages in a telecommunication protocol over a telephone network; converting the transmission to an internet protocol; transmitting the transmission over a data network; converting the transmission to a telecommunication protocol; and transmitting the transmission to the second telecommunication node.

19.      The communications services identified in Paragraph 17 provide interconnection of circuit-switched and packet-switched networks involving generating a routing table; associating information with customer identifiers; receiving traffic including packet-switched information and/or customer identifiers; identifying the associated customer identifier and/or packet-switched network; and selecting a circuit-switched network accordingly and/or converting the traffic into a compatible format.

20.      The communications services identified in Paragraph 17 provide interconnection of circuit-switched and packet-switched networks involving assigning an identifier to a packet-switched network; by a network switch, receiving traffic from a circuit-switched network; selecting a packet-switched network for receiving traffic; associating traffic with an identifier; receiving such traffic by a voice over internet protocol platform; by the platform's routing table,

retrieving destination information; converting traffic into a packet-switched compatible format; and transmitting the traffic to a packet-switched network.

21.     The communications services identified in Paragraph 17 provide automated routing based on economic incentives involving a telecommunication switch, in which decision rules and economic incentive data regarding carriers are entered into an adjunct computer's database; decision rules are applied to the economic incentive data to populate the switch's routing table with carrier selection data; and call attempts are routed based on carrier selection data.

22.     The communications services identified in Paragraph 17 provide automated routing based on economic incentives involving a telecommunication switch, in which carrier selection data resulting from a bidding process is entered into a database associated with the switch; and a carrier is selected accordingly.

23.     Discovery may show that Level 3 makes, uses, offers for sale, and/or sells additional infringing communications services.

## CLAIMS FOR RELIEF

### Count I: Infringement of the '602 Patent

24.     AIP repeats and re-alleges Paragraphs 1-23 as if fully set forth herein.

25.     Level 3, through at least the services identified in Paragraph 17, has been and still is infringing the '602 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '602 Patent, including at least Claims 14 and 32 of the '602 Patent.

26.     As a direct and proximate result of Level 3's acts of infringement, AIP has been, is being, and will be damaged.  Consequently, AIP is entitled to compensation for its damages from Level 3 under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

### Count II: Infringement of the '897 Patent

27.     AIP repeats and re-alleges Paragraphs 1-26 as if fully set forth herein.

28.     Level 3, through at least the services identified in Paragraph 17, has been and still is infringing the '897 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '897 Patent, including at least Claims 13 and 24 of the '897 Patent.

29.     As a direct and proximate result of Level 3's acts of infringement, AIP has been, is being, and will be damaged.  Consequently, AIP is entitled to compensation for its damages from Level 3 under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

### Count III: Infringement of the '275 Patent

30.     AIP repeats and re-alleges Paragraphs 1-29 as if fully set forth herein.

31.     Level 3, through at least the services identified in Paragraph 17, has been and still is infringing the '275 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '275 Patent, including at least Claims 1 and 8 of the '275 Patent.

32.     As a direct and proximate result of Level 3's acts of infringement, AIP has been, is being, and will be damaged.  Consequently, AIP is entitled to compensation for its damages from Level 3 under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

### Count IV: Infringement of the '879 Patent

33.     AIP repeats and re-alleges Paragraphs 1-32 as if fully set forth herein.

34.     Level 3, through at least the services identified in Paragraph 17, has been and still is infringing the '879 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims of the '879 Patent, including at least Claim 1 of the '879 Patent.

35.     As a direct and proximate result of Level 3's acts of infringement, AIP has been, is being, and will be damaged.  Consequently, AIP is entitled to compensation for its damages from Level 3 under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

### Count V: Infringement of the '662 Patent

36.     AIP repeats and re-alleges Paragraphs 1-35  as if fully set forth herein.

37.     Level 3, through at least the services identified in Paragraph 17, has been and still is infringing the '662 Patent, literally or under the doctrine of equivalents, by making, using,

offering to sell, and selling the invention of one or more claims of the '662 Patent, including at least Claims 1 and 16 of the '662 Patent.

38.     As a direct and proximate result of Level 3's acts of infringement, AIP has been, is being, and will be damaged.  Consequently, AIP is entitled to compensation for its damages from Level 3 under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

## DEMAND FOR JURY TRIAL

39.     AIP requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, AIP respectfully asks the Court for the following relief:

(i)      A judgment declaring that Level 3 has infringed the '602 Patent as alleged herein;

(ii)     A judgment declaring that Level 3 has infringed the '897 Patent as alleged herein;

(iii)    A judgment declaring that Level 3 has infringed the '275 Patent as alleged herein;

(iv)     A judgment declaring that Level 3 has infringed the '879 Patent as alleged herein;

(v)      A judgment declaring that Level 3 has infringed the '662 Patent as alleged herein;

(vi)     A judgment awarding AIP damages under 35 U.S.C. § 284;

(vii)    A judgment and order granting supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting as needed;

(viii)   A judgment and order awarding AIP pre-judgment and post-judgment interest on the damages awarded; and

(ix)     Such other and further relief as the Court deems just and equitable.

May 17, 2012

Of Counsel:

Karen H. Bromberg
Francisco A. Villegas
Damir Cefo
Maria Granovsky (I.D. #4709)
**COHEN & GRESSER LLP**
800 Third Avenue
New York, New York 10022
(212) 957-7600

   */s/ Mary B. Matterer*
Richard K. Herrmann (I.D. #405)
Mary B. Matterer (I.D. #2696)
Kenneth L. Dorsney (I.D. #3726)
**MORRIS JAMES LLP**
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
mmatterer@morrisjames.com

*Attorneys for AIP Acquisition LLC*