IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AIP ACQUISITION LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 12-617-GMS |
| | ) |
| LEVEL 3 COMMUNICATIONS, LLC, | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

**DEFENDANT LEVEL 3 COMMUNICATIONS, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES, TO AIP
ACQUISITION LLC'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Level 3 Communications, LLC ("Level 3"), by and through its undersigned counsel, submits this Answer and these Affirmative Defenses in response to the Complaint for Patent Infringement ("the Complaint") filed by Plaintiff AIP Acquisition, LLC ("AIP").[1] To the extent not specifically admitted herein, the allegations of the Complaint are denied. Defendants deny any allegations that may be implied by or inferred from the headings of the Complaint.

### I. ANSWER TO COMPLAINT

### RESPONSE TO THE PARTIES

1. In response to Paragraph 1, Level 3 is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and on that basis denies them.

2. In response to Paragraph 2, Level 3 admits that it is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1025 Eldorado Boulevard, Broomfield, Colorado 80021.

---

[1] Per D.I. 9, this Answer is filed on behalf of Level 3 Communications, LLC.

## RESPONSE TO THE JURISDICTION AND VENUE

3. In response to Paragraph 3, Level 3 admits that the Complaint purports to be an action under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, and in particular § 271, but specifically denies that any of AIP's claims have merit.

4. In response to Paragraph 4, Level 3 admits that if Plaintiff has standing to assert U.S. Patent Nos. 5,606,602 ("the '602 patent), 5,917,897 ("the '897 patent"), 6,757,275 ("the '275 patent"), 7,586,662 ("the '662 patent"), or 7,724,879 ("the '879 patent") in its own name, this Court would have subject matter jurisdiction under 28 U.S.C. § 1338(a), inasmuch as the Complaint purports to state claims for patent infringement arising under the patent laws of the United States. Level 3 specifically denies any infringement of any valid and enforceable claim.

5. In response to Paragraph 5, Level 3 admits that this Court has personal jurisdiction over it. Level 3 further admits that it is incorporated under the laws of the State of Delaware. Level 3 denies that it regularly conducts and solicits business in Delaware or that it derives substantial revenue from goods used or services rendered in Delaware and within this judicial district.

6. In response to Paragraph 6, Level 3 admits that venue is proper in this district. Level 3 denies that it has committed any acts of infringement.

## RESPONSE TO FACTUAL BACKGROUND

7. In response to Paragraph 7, Level 3 is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and on that basis denies them.

8. In response to Paragraph 8, Level 3 is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and on that basis denies them.

9. In response to Paragraph 9, Level 3 is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and on that basis denies them.

10. In response to Paragraph 10, Level 3 is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and on that basis denies them. Further, to the extent that Paragraph 10 contains conclusions of law as opposed to allegations of fact, no answer is required.

11. In response to Paragraph 11, Level 3 admits that the '602 patent appears on its face to have been issued on February 25, 1997, and to be entitled "BIDDING FOR TELECOMMUNICATIONS TRAFFIC." Level 3 admits that Exhibit A purports to be a copy of the '602 patent. To the extent that Paragraph 11 contains conclusions of law as opposed to allegations of fact, no answer is required. Level 3 lacks knowledge or information sufficient to form a belief as to the truth the remaining allegations in Paragraph 11 and therefore denies them.

12. In response to Paragraph 12, Level 3 admits that the '897 patent appears on its face to have been issued on June 29, 1999, and to be entitled "SYSTEM AND METHOD FOR CONTROLLING A TELECOMMUNICATION NETWORK IN ACCORDANCE WITH ECONOMIC INCENTIVES." Level 3 admits that Exhibit B purports to be a copy of the '897 patent. To the extent that Paragraph 12 contains conclusions of law as opposed to allegations of fact, no answer is required. Level 3 lacks knowledge or information sufficient to form a belief as to the truth the remaining allegations in Paragraph 12 and therefore denies them.

13. In response to Paragraph 13, Level 3 admits that the '275 patent appears on its face to have been issued on June 29, 2004, and to be entitled "METHOD AND SYSTEM OF MANAGING CONNECTIONS BETWEEN CIRCUIT-SWITCHED AND PACKET-

SWITCHED NETWORKS." Level 3 admits that Exhibit C purports to be a copy of the '275 patent. To the extent that Paragraph 13 contains conclusions of law as opposed to allegations of fact, no answer is required. Level 3 lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and therefore denies them.

14.  In response to Paragraph 14, Level 3 admits that the '879 patent appears on its face to have been issued on May 25, 2010, and to be entitled "EFFICIENT COMMUNICATION THROUGH NETWORKS." Level 3 admits that Exhibit D purports to be a copy of the '879 patent. To the extent that Paragraph 14 contains conclusions of law as opposed to allegations of fact, no answer is required. Level 3 lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and therefore denies them.

15.  In response to Paragraph 15, Level 3 admits that the '662 patent appears on its face to have been issued on February 3, 2009, and to be entitled "METHOD AND SYSTEM OF MANAGING CONNECTIONS BETWEEN CIRCUIT-SWITCHED AND PACKET-SWITCHED NETWORKS." Level 3 admits that Exhibit E purports to be a copy of the '662 patent. To the extent that Paragraph 15 contains conclusions of law as opposed to allegations of fact, no answer is required. Level 3 lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 and therefore denies them.

16.  In response to Paragraph 16, Level 3 is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and on that basis denies them. To the extent that Paragraph 15 contains conclusions of law as opposed to allegations of fact, no answer is required.

*Response to Level 3's Allegedly Infringing Services*

17. Level 3 denies making, using, offering for sale, and/or selling any infringing communication services.

18. Denied. To the extent that Paragraph 18 contains conclusions of law, no answer is required.

19. Denied. To the extent that Paragraph 19 contains conclusions of law, no answer is required.

20. Denied. To the extent that Paragraph 20 contains conclusions of law, no answer is required.

21. Denied. To the extent that Paragraph 21 contains conclusions of law, no answer is required.

22. Denied. To the extent that Paragraph 22 contains conclusions of law, no answer is required.

23. Denied.

## CLAIMS FOR RELIEF

### Count I: Alleged Infringement of the '602 Patent

24. Level 3 repeats and realleges Paragraphs 1 through 23 of the Answer as if fully set forth herein.

25. Denied.

26. Denied.

### Count II: Alleged Infringement of the '897 Patent

27. Level 3 repeats and realleges Paragraphs 1 through 26 of the Answer as if fully set forth herein.

28. Denied.

29. Denied.

### Count III: Alleged Infringement of the '275 Patent

30. Level 3 repeats and realleges Paragraphs 1 through 29 of the Answer as if fully set forth herein.

31. Denied.

32. Denied.

### Count IV: Alleged Infringement of the '879 Patent

33. Level 3 repeats and realleges Paragraphs 1 through 32 of the Answer as if fully set forth herein.

34. Denied.

35. Denied.

### Count V: Alleged Infringement of the '662 Patent

36. Level 3 repeats and realleges Paragraphs 1 through 35 of the Answer as if fully set forth herein.

37. Denied.

38. Denied.

### DEMAND FOR JURY TRIAL

39. In response to Paragraph 39, Level 3 admits that AIP requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

### GENERAL DENIAL

Level 3 denies each and every allegation contained in the Complaint to which Level 3 has not specifically responded or expressly admitted.

## II. AFFIRMATIVE DEFENSES

Level 3 alleges and asserts the following defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, Level 3 specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery. For its affirmative defenses to the Complaint, Level 3 alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Non-Infringement)

Level 3 is not infringing and has not infringed any valid, enforceable claim of the '602, '897, '275, '879, or '662 patents.

### THIRD AFFIRMATIVE DEFENSE
(Invalidity)

One or more claims of the '602, '897, '275, '879, and '662 patents are invalid for failure to comply with one or more provisions of 35 U.S.C. § 101, et seq., including without limitation §§ 101, 102, 103 and/or 112.

### FOURTH AFFIRMATIVE DEFENSE
(Waiver, Laches, Estoppel)

AIP's claims for relief, in whole or in part, are barred by the doctrines of waiver (express or implied), laches, acquiescence, and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE
(Prosecution History Estoppel, Prosecution Disclaimer)

AIP's claims for relief, in whole or in part, are barred by the doctrines of prosecution history estoppel and prosecution disclaimer.

### SIXTH AFFIRMATIVE DEFENSE
(Limitations on Damages/Marking)

Any claim by AIP for damages is limited under 35 U.S.C. §§ 286 and 287.

### SEVENTH AFFIRMATIVE DEFENSE
(Limitations on Costs)

AIP is precluded from recovering costs under 35 U.S.C. § 288.

### EIGHTH AFFIRMATIVE DEFENSE
(Reservation of Affirmative Defenses)

Level 3 reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future based on discovery and further factual investigation in this action.

WHEREFORE, Level 3 denies that it infringes or has infringed any valid and enforceable claim of the '602, '897, '275, '879, and/or '662 patents and further denies that AIP is entitled to any judgment against Level 3 whatsoever. Level 3 asks that AIP's Complaint be dismissed with prejudice, that judgment be entered for Level 3, and that Level 3 be awarded its attorneys' fees, expenses, and costs incurred in defending against AIP's Complaint, together with such other relief the Court deems appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Level 3 respectfully requests the following relief:

A.    That AIP take nothing by its Complaint for Patent Infringement;

B. That AIP's Complaint for Patent Infringement be dismissed with prejudice and that all relief requested by Plaintiff be denied with prejudice;

C. That the Court find and declare that Level 3 has not infringed and does not infringe any valid, enforceable claim of the '602 patent;

D. That the Court find and declare that Level 3 has not infringed and does not infringe any valid, enforceable claim of the '897 patent;

E. That the Court find and declare that Level 3 has not infringed an any valid, enforceable claim of the '275 patent;

F. That the Court find and declare that Level 3 has not infringed and does not infringe any valid, enforceable claim of the '879 patent;

G. That the Court find and declare that Level 3 has not infringed and does not infringe any valid, enforceable claim of the '662 patent;

H. That the Court find and declare that one or more claims of the '602 patent is invalid;

I. That the Court find and declare that one or more claims of the '897 patent is invalid;

J. That the Court find and declare that one or more claims of the '275 patent is invalid;

K. That the Court find and declare that one or more claims of the '879 patent is invalid;

L. That the Court find and declare that one or more claims of the '662 patent is invalid;

M.  That the Court find and declare that this is an exceptional case under 35 U.S.C. § 285 and that Level 3 be awarded all of its costs, expenses, and attorneys' fees, together with interest;

N.  That the Court award to Level 3 such further relief as it deems just and proper.

**DEMAND FOR JURY TRIAL**

Level 3 demands trial by jury for all issues so triable.

| | |
|---|---|
| OF COUNSEL:<br>R. Laurence Macon<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>300 Convent St., Suite 1600<br>San Antonio, TX 78205<br>(210) 281-7222<br><br>David R. Clonts<br>Manoj S. Gandhi<br>Ifti Ahmed<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>1111 Louisiana St., 44th Floor<br>Houston, TX 77002<br>(713) 220-2800<br><br>Dated:  August 27, 2012 | */s/ David M. Fry*<br>John W. Shaw (No. 3362)<br>David M. Fry (No. 5486)<br>SHAW KELLER LLP<br>300 Delaware Avenue, Suite 1120<br>Wilmington, DE 19801<br>(302) 298-0700<br>jshaw@shawkeller.com<br>dfry@shawkeller.com<br><br>*Attorneys for Defendant Level 3*<br>*Communications, LLC* |