# Exhibit 39

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

Bib Data Sheet

**CONFIRMATION NO. 8528**

| SERIAL NUMBER | FILING OR 371(c) DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 10/941,471 | 09/15/2004<br>**RULE** | 379 | 2614 | 5106-11CON |

**APPLICANTS**
Alexander Mashinsky, New York, NY;

** **CONTINUING DATA** ************************* Yes GG
This application is a CON of 09/551,189 04/17/2000 ABN which is a CON of 08/727,681 10/08/1996 PAT 6,188,756
which is a CIP of 08/320,269 10/11/1994 ABN

** **FOREIGN APPLICATIONS** ******************** Yes GG
ISRAEL 115580 10/11/1995

**IF REQUIRED, FOREIGN FILING LICENSE GRANTED** ** SMALL ENTITY **
** 11/04/2004

| Foreign Priority claimed / 35 USC 119 (a-d) conditions met / Verified and Acknowledged | STATE OR COUNTRY | SHEETS DRAWING | TOTAL CLAIMS | INDEPENDENT CLAIMS |
|---|---|---|---|---|
| Foreign Priority claimed ☑ yes ☐ no<br>35 USC 119 (a-d) conditions met ☑ yes ☐ no ☐ Met after Allowance<br>Verified and Acknowledged: Gerald Gauthier (Examiner's Signature) GG (Initials) | NY | 8 | 37 | 6 |

**ADDRESS**
COHEN, PONTANI, LIEBERMAN & PAVANE
Suite 1210
551 Fifth Avenue
New York, NY10176

**TITLE**
Efficient communication through networks

| FILING FEE RECEIVED | FEES | |
|---|---|---|
| 667 | FEES: Authority has been given in Paper No. _________ to charge/credit DEPOSIT ACCOUNT No. _________ for following: | ☐ All Fees<br>☐ 1.16 Fees ( Filing )<br>☐ 1.17 Fees ( Processing Ext. of time )<br>☐ 1.18 Fees ( Issue )<br>☐ Other _____________<br>☐ Credit |

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | ISSUE DATE | PATENT NO. | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/941,471 | 09/11/2007 | 7269247 | 5106-11CON | 8528 |

7590 08/22/2007

COHEN, PONTANI, LIEBERMAN & PAVANE
Suite 1210
551 Fifth Avenue
New York, NY 10176

# ISSUE NOTIFICATION

The projected patent number and issue date are specified above.

**Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)**
(application filed on or after May 29, 2000)

The Patent Term Adjustment is 178 day(s). Any patent to issue from the above-identified application will include an indication of the adjustment on the front page.

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at (571)-272-4200.

APPLICANT(s) (Please see PAIR WEB site http://pair.uspto.gov for additional applicants):

Alexander Mashinsky, New York, NY;

# 10/13/06 Response to Office Action

Attorney Docket # 5106-11CON PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

In re Application of

Alexander MASHINSKY et al.

Serial No.: 10/941,471

Filed: September 15, 2004

For: Efficient Communication Through Networks

Examiner: Gauthier, Gerald
Group Art: 2614

I hereby certify that this correspondence is being filed electronically at the United States Patent and Trademark Office using EFS-Web, on

October 13, 2006
(Date of Deposit)

Alfred W. Froebrich
Name of applicant, assignee or Registered Representative

Alfred W. Froebrich
Signature

October 13, 2006
Date of Signature

Mail Stop **Amendment**
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**AMENDMENT**

SIR:

**PETITION**

Applicant hereby petitions for a one-month extension of the original shortened statutory response period set in the Office Action of June 13, 2006. Payment in the amount of $60.00 for the government fee for a one-month extension of time should be charged to our Patent and Trademark Office Deposit Account No. 03-2412. Any additional fees or charges required at this time in connection with the present application may be charged to our Patent and Trademark Office Deposit Account No. 03-2412.

**RESPONSE**

In response to the Office Action dated June 13, 2006, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims which begins on page 3 of this paper.

**Amendments to the Drawings** begin on page 8 of this paper and include an attached replacement sheet.

**Remarks/Arguments** begin on page 9 of this paper.

**Amendments to the Claims:**

This listing of claims will replace all prior versions, and listings, of claims in the application:

Listing of Claims:

1.-37. (canceled)

38. (currently amended) A method for communication between two access devices via ~~a data network~~ one or more networks, comprising the steps:

receiving ~~data to be transmitted at~~ a transmission in a first format through a first communication network from a first access device;

~~sending the data on a route having at least a first portion and a second portion between a first access device and a second access device;~~

performing a first conversion converting the ~~data~~ transmission from [[a]] the first format to a second format, ~~the data to be transmitted being transmitted on the first portion of the route in the first format and the data to be transmitted being transmitted on the second portion of the route in the second format,~~ the second format being ~~an~~ internet protocol;

sending the converted transmission through a second communication network, the second communication network being the Internet, for reception by a second access device; and

performing a second conversion further converting the ~~data~~ converted transmission from the second format to ~~the first~~ a further format ~~so that the message is in the first format at~~ suitable for the second access device.

39. (currently amended) The method of claim 38, wherein the first access device and the second access device comprise telecommunication nodes, the first format comprising a telecommunication protocol for establishing and transmitting voice communication for a phone call in one of a digital telephone network, an analog telephone network, and a cellular network, and wherein said further format comprises said first format or another telecommunication protocol.

40. (currently amended) The method of claim 39, wherein ~~said step of sending comprises sending the data~~ the transmission is sent from the first access device serially to a first central node, the ~~data network~~ Internet, a second central node, and the second access device.

41. (currently amended) The method of claim 38, wherein ~~said step of sending comprises sending data~~ the transmission is related to establishing or transmitting voice communication for a phone call from a calling party connected to the first access device to a called party connected to the second access device.

42. (canceled)

43. (currently amended) The method of claim 38, wherein the first ~~portion of the route~~ communication network is ~~in a public communication network~~ one of an analog telephone network, a digital telephone network, and a cellular network.

44. (currently amended) The method of claim 38, wherein a calling party is connected to the first access device for transmitting and receiving voice communication for a phone call and a called party is connected to the second access device for transmitting and receiving the voice communication for the phone call ~~and at least the second portion of the route is through the Internet~~.

45. (previously presented) The method of claim 38, wherein the second conversion is performed at the second access device.

46. (currently amended) The method of claim 38, wherein said second access device is connected to a central office of a telecommunication network.

47. (previously presented) The method of claim 38, further comprising the step of selecting the route based on at least one criteria defined by user preference.

48. (previously presented) The method of claim 47, wherein the at least one criteria comprises a specified level of transmission quality.

49. (previously presented) The method of claim 47, wherein the at least one criteria comprises credit availability of a calling party.

50. (currently amended) The method of claim 47, wherein the at least one ~~user~~ criteria comprises cost of routing.

51. (currently amended) The method of claim 38, wherein ~~said step of sending~~ the transmission comprises execution of a call setup procedure.

52. (previously presented) The method of claim 38, further comprising the step of storing at least one of subscriber information, rate schedules, and call details.

53.-55. (canceled)

56. (currently amended) The method of claim 38, wherein the ~~data to be transmitted~~ transmission is related to a fax transmission.

57. (previously presented) The method of claim 38, wherein the ~~data to be transmitted~~ transmission comprises signaling messages.

58. (currently amended) A ~~In a~~ system for transmitting communications from a calling party to a called party, comprising a communication node accessible by the calling party using a ~~telecommunication~~ first network, said node being ~~arranged and dimensioned~~ configured for receiving a ~~communication~~ transmission in a first format from the calling party, converting the ~~communication~~ transmission received from the calling party from the first format to a second format, wherein the second format is ~~compatible with a data network~~ an Internet protocol, and transmitting the converted ~~communication~~ transmission through the Internet to a

further node capable of connecting ~~a local call~~ to the called party on a further ~~telecommunication~~ network.

59. (currently amended) The ~~node~~ system of claim 58, wherein said node is a telecommunication node and said first format comprises a telecommunication protocol for establishing and transmitting voice communications for phone calls in one of a digital telephone network, an analog telephone network, and a cellular network,.

60. (currently amended) The ~~node~~ system of claim 58, ~~wherein~~ further comprising the further node, wherein said further node is configured for converting the converted transmission received from the second format to a further format ~~data network is the Internet and said second format comprises an Internet protocol~~.

61. (currently amended) The ~~node~~ system of claim ~~58~~ 59, said node further comprising means for ~~converting~~ receiving voice communications initiated by the called party ~~and received~~ from the ~~data network~~ Internet and converting the received voice communications from said second format to said first format.

62. (currently amended) The ~~node~~ system of claim 58, said node further comprising means for receiving a local call from the calling party via the one of a digital telephone network, an analog telephone network, and a cellular network, wherein said transmission is related to establishing said local call.

63. (currently amended) The ~~node~~ system of claim 62, said node further comprising means for determining a called party number from the calling party by communicating using the local call.

64. (currently amended) The ~~node~~ system of claim 58, said node further comprising an Internet server for connecting the node to the Internet and a telephone server for connecting the node to the one of a digital telephone network, an analog telephone network, and a cellular network.

65. (currently amended) The ~~node~~ system of claim ~~58~~ 64, wherein the telephone server comprises a Public Switched Telephone Network Interface.

66. (currently amended) The ~~node~~ system of claim 58, wherein the node is further arranged and dimensioned for selecting a route to the called party based on at least one criteria of user preference.

67. (currently amended) The ~~node~~ system of claim 58, wherein the at least one criteria comprises a specified level of transmission quality.

68. (currently amended) The ~~node~~ system of claim 58, wherein the at least one criteria comprises credit availability of a calling party.

69. (currently amended) The ~~node~~ system of claim 58, wherein the at least one user criteria comprises cost of routing.

70. (new) The system of claim 58, wherein the transmission is related to establishing a connection for transmitting voice communication for a phone call from a calling party connected to the first access device to a called party connected to the second access device.

71. (new) The system of claim 60, wherein the first format comprises a telecommunication protocol for establishing and transmitting voice communication for a phone call in one of a digital telephone network, an analog telephone network, and a cellular network, and wherein said further format comprises said first format or another telecommunication protocol.

72. (new) The system of claim 58, wherein at least one of said first network and said further network comprises a portion of the Internet.

**Amendments to the Drawings:**

The attached sheet of drawings includes changes to Fig. 1. This sheet, which includes Fig. 1, replaces the original sheet including Fig. 1. Fig. 1 is amended to include labels.

Attachment: Replacement Sheet

## REMARKS/ARGUMENTS

The Office Action mailed June 13, 2006 has been reviewed and carefully considered. Claims 38-69 are currently pending in the application with claims 38 and 58 being the only independent claims. Reconsideration of the application, in view of the above amendments and the following remarks, is requested.

### Claim Amendments

Independent claim 38 is amended to recite "receiving a transmission in a first format through a first communication network from a first access device". Support for this limitation is found in Fig. 8 which shows that a transmission is received by a subscriber access device interface including one of a digital and analog telephone network, a paging and cellular network, or a data network. Independent claim 38 further recites that the transmission is converted to a second format comprising Internet protocol and sent via the Internet to a second access device. Support for this is shown in Fig. 8 which depicts converters A-F in a central node that sends transmissions to a global network of high capacity data networks including the Internet TCP/IP. Independent claim 38 is further amended to recite that the second conversion converts to a further format. Support for this amendment is found at page 20, lines 18-24, and Fig. 8 which indicate that the receiving access device does not have to be the same as the initiating access device.

Independent claim 58 is amended to recite that the converter converts the transmission received from the calling party to Internet protocol. Support for this is found at page 9, lines 12-19; and page 11, lines 1-11.

Dependent claims 40, 60 and 61 are amended to be consistent with the changes to independent claims 38 and 58.

Dependent claims 39 and 59 are amended to recite "the first format comprising a telecommunication protocol for establishing and transmitting voice communication for phone calls in one of a digital telephone network, an analog telephone network, and a cellular network, and wherein said further format comprises one of said first format or another telecommunication protocol". Support for this amendment is found at page 19, lines 24-29; and Fig. 8 which discloses a digital telephone network, an analog telephone network, and a cellular network. Similarly, dependent claim 43, 62, and 64 are amended to recite one of a digital telephone network, an analog telephone network, and a cellular network. This amendment is also supported by Fig. 8 of the present application.

Claim 41 is amended to recite that the data being transmitted is related to establishing or transmitting voice communication for a phone call. Support for this amendment is found on page 9, lines 16-21.

Claim 44 is amended to recite that the calling party and the called party each receive and transmit voice communication for a phone call. This reflects a phone call as contemplated at page 9, lines 12-25.

Claim 46 is amended to recite that the second access device is connected to a central office. Support for this limitation is supported in Fig. 1 which shows the second access device 14 connected to a central office 22.

Claim 50 is amended to change "user criteria" to --criteria--, which has proper antecedent basis in claim 49.

Claim 65 is amended to properly depend from claim 64.

New claim 70 is added to recite "wherein said communication transmission is related to establishing or transmitting voice communication for a phone call from a calling party

connected to the first access device to a called party connected to the second access device". Support for this limitation is found in original claim 41; and page 9, lines 16-21.

New claim 71 is added to recite that "the first format comprises a telecommunication protocol for establishing and transmitting voice communication for a phone call in one of a digital telephone network, an analog telephone network, and a cellular network, and wherein said further format comprises said first format or another telecommunication protocol". Support for this is found in Fig. 8 which shows that each access device may be connected to digital and analog telephone network or voice lines.

New claim 72 is added to recite "wherein at least one of said first network and said further network comprises a portion of the Internet". Support for these claims is found at page 8, lines 11-13, which states that the called party may be connected to the internet, and page 10, lines 8-18, which indicates that the calling party may be connected to the internet.

Claims 42 and 53-55 are canceled without prejudice.

**Drawing Objections**

The drawings were objected to because Fig. 1 fails to provide labels. A new Fig. 1 is attached hereto which includes the proper labels. In view of the amendments to the drawings, the objection to the drawings should now be withdrawn.

**Claim Objections**

Claim 38 is objected to because "the message" in line 11 lacks proper antecedent basis. This phrase is now canceled from claim 38. Accordingly, the objection to claim 38 should now be withdrawn.

**Rejection of Claims Over Prior Art**

Claims 38-69 stand rejected under 35 U.S.C. §102(b) as anticipated by U.S. Patent No. 4,644,351 (Zabarsky).

<u>Independent claims 38 and 58</u>

Independent claim 38 recites "performing a first conversion converting the transmission from the first format to a second format, the second format being Internet protocol".

Independent claim 58 recites "said node being configured for receiving a transmission in a first format from the calling party, converting the communication data received from the calling party from the first format to a second format, wherein the second format is an Internet protocol".

MPEP §2131 states that a claim is anticipated only if each and every element as set forth in the claim is found, either expressly or inherently described, in a single prior art reference. *Verdegaal Bros. V. Union Oil Co. of California*, 814 F.2d 628, 631, 2 USPQ2d 1051, 1053 (Fed. Cir. 1987).

Independent claims 38 and 58 are not anticipated by Zabarsky because Zabarsky fails to disclose the above limitations.

Zabarsky relates to a radio paging system and two-way radio personal data message system in which a miniature transceiver is carried by an individual for presentation of messages and transmission of messages. A paging site in Zabarsaky includes base station transceivers (BSTs) 200-202 connected to a network control processor (NCP) 204 and other BSTs 206-208 which may be connected to another NCP 210 (col. 5, lines 13-22). NCPs 204 and 210 are connected to a paging executive (PEX) 212 which interfaces with other paging sites and other network via a common packet switch using X.25 protocol (col. 5, lines 30-38).

The Examiner alleges that the second format being Internet protocol is disclosed at col. 16, lines 47-51, of Zabarsky. However, this section of Zabarsky merely states that the PEX may convert data blocks into a tone signal compatible with PSTN (i.e., the dial tones of a phone) or the PEX may output in RS-232 format to the data switch or to a value added network (VAN) directly. However, neither the tone signal format nor the RS-232 format discloses the use of Internet protocol format, as recited in independent claims 38 and 58. Accordingly, independent claims 38 and 58 are not anticipated by Zabarsky under 35 U.S.C. §102. Furthermore, there is no teaching or suggestion that the second format is the Internet protocol. Rather, Zabarsky teaches sending from one device to one of the pagers. Accordingly, independent claims 38 and 58 are also allowable over Zabarsky under 35 U.S.C. §103.

Dependent claims 39-57 and 59-70, each being dependent on one of independent claims 38 or 58, are not anticipated by or obvious in view of Zabarsky for at least the same reasons as independent claims 38 and 58, as well as for the additional recitations contained therein.

Each of dependent claims 39, 41, 59, and 70 recite that the transmission is related to establishing or transmitting voice communication for a phone call from a calling party connected to the first access device to a called party connected to the second access device and claim 44 recites "wherein a calling party is connected to the first access device for receiving and transmitting voice communication and a called party is connected to the second access device for transmitting and receiving the voice communication". In contrast, Zabarsky discloses only reception and transmission of paging messages (see, e.g., col. 5, lines 3-9). The rejection of claims 41 and 44 in the Office Action refers to col. 15, lines 24-30 of Zabarsky. However, this portion of Zabarsky merely states that the message could originate from a terminal connected to

the PSTN. The PSTN, in this case, is used for transmitting data messages to and from the paging devices. This portion of Zabarsky does not in any way mean that the calling party and the called party are connected for transmitting and receiving voice communications for a phone call, as expressly recited in claims 41, 70, and 44. Moreover, each of the different networks connected to the paging central site communicates only data messages to and from the paging devices. Accordingly, dependent claims 41, 70, and 44 are not anticipated for at least these additional reasons.

Dependent claims 47 and 66 recite "selecting the route based on at least one criteria defined by user preference". Zabarsky fails to disclose that the route is selected based on user preference criteria. The rejection of these claims also refers to col. 15, lines 24-30 of Zabarsky. This section of Zabarsky does not relate to route selection. Accordingly, claims 47-66 are not anticipated by Zabarsaky for these additional reasons.

Dependent claims 48-50 and 67-69 further define the route selection of claims 47 and 66. Accordingly, these claims are not anticipated by Zabarsky for the same reasons as claims 47 and 66.

Dependent claim 51 recites "execution of a call setup procedure". As stated above, Zabarsky relates to sending data messages and does not relate to telephone calls. Accordingly, Zabarsky does not disclose executing a call setup procedure. Dependent claim 51 is not anticipated for these additional reasons.

Dependent claims 56 and 57 further recite that the data to be transmitted is related to fax transmissions or comprises signaling messages. Since Zabarsky specifically relates to pagers, Zabarsky does not teach or suggest that the data to be sent relates to a fax transmission or

comprises a signaling message. Accordingly, claims 56 and 57 are not anticipated for these additional reasons.

Dependent claim 64 recites "an Internet server for connecting the node to the Internet and a telephone server for connecting the node to a circuit switched network". Zabarsky fails to disclose this limitation because Zabarsky fails to disclose that the node communicates with the Internet. Accordingly, Zabarsky is not anticipated for these additional reasons.

New claim 70 recites "the transmission is related to establishing a connection for transmitting voice communication for a phone call from a calling party connected to the first access device to a called party connected to the second access device". Since Zabarsky relates to paging, there is no teaching or suggestion for a transmission related to a phone call.

In view of the above amendments and remarks, the application is now deemed to be in condition for allowance and notice to that effect is solicited.

It is believed that no fees or charges are required at this time in connection with the present application. However, if any fees or charges are required at this time, they may be charged to our Patent and Trademark Office Deposit Account No. 03-2412.

Respectfully submitted,
COHEN, PONTANI, LIEBERMAN & PAVANE LLP

By [signature]

Alfred W. Froebrich
Reg. No. 38,887
551 Fifth Avenue, Suite 1210
New York, New York 10176
(212) 687-2770

Dated: October 13, 2006

Replacement Sheet




FIG. 1

# 3/14/07 Response to Office Action

OIPE MAR 16 2007 PATENT & TRADEMARK OFFICE

Attorney Docket # 5106-11CON

PATENT

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of

Alexander MASHINSKY

Serial No.: 10/941,471

Filed: September 15, 2004

For: Efficient Communication Through Networks

Examiner: Gauthier, Gerald

Group Art: 2614

I hereby certify that this correspondence is being deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450, on

March 14, 2007
(Date of Deposit)

Alfred W. Froebrich
Name of applicant, assignee or Registered Representative

[signature]
Signature

March 14, 2007
Date of Signature

Mail Stop **Amendment**
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

## AMENDMENT

SIR:

In response to the final Office Action dated December 14, 2007, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Remarks/Arguments** begin on page 7 of this paper.

**Amendments to the Claims:**

This listing of claims will replace all prior versions, and listings, of claims in the application:

Listing of Claims:

1.-37. (canceled)

38. (currently amended) A method for communication between two access devices via one or more networks, comprising the steps:

receiving a transmission in a first format through a first communication network from a first access device, the first format comprising a telecommunication protocol for establishing and transmitting voice communication for a phone call in one of a digital telephone network, an analog telephone network, and a cellular network;

performing a first conversion converting the transmission from the first format to a second format, the second format being internet protocol;

sending the converted transmission through a second communication network, the second communication network being the Internet, for reception by a second access device; and

performing a second conversion further converting the converted transmission from the second format to a further format suitable for the second access device, wherein the first access device and the second access device comprise telecommunication nodes, and said further format comprises said first format or another telecommunication protocol.

39. (canceled)

40. (currently amended) The method of claim ~~39~~ 38, wherein the transmission is sent from the first access device serially to a first central node, the Internet, a second central node, and the second access device.

41. (previously presented) The method of claim 38, wherein the transmission is related to establishing or transmitting voice communication for a phone call from a calling party connected to the first access device to a called party connected to the second access device.

42. (canceled)

43. (previously presented) The method of claim 38, wherein the first communication network is one of an analog telephone network, a digital telephone network, and a cellular network.

44. (previously presented) The method of claim 38, wherein a calling party is connected to the first access device for transmitting and receiving voice communication for a phone call and a called party is connected to the second access device for transmitting and receiving the voice communication for the phone call.

45. (previously presented) The method of claim 38, wherein the second conversion is performed at the second access device.

46. (previously presented) The method of claim 38, wherein said second access device is connected to a central office of a telecommunication network.

47. (currently amended) The method of claim 38, further comprising the step of selecting ~~the~~ a route for the transmission based on at least one criteria defined by user preference.

48. (previously presented) The method of claim 47, wherein the at least one criteria comprises a specified level of transmission quality.

49. (previously presented) The method of claim 47, wherein the at least one criteria comprises credit availability of a calling party.

50. (currently amended) The method of claim 47, wherein the at least one ~~user~~ criteria comprises cost of routing.

51. (currently amended) The method of claim 38, wherein ~~said step of sending~~ the transmission comprises execution of a call setup procedure.

52. (previously presented) The method of claim 38, further comprising the step of storing at least one of subscriber information, rate schedules, and call details.

53.-55. (canceled)

56. (previously presented) The method of claim 38, wherein the transmission is related to a fax transmission.

57. (previously presented) The method of claim 38, wherein the transmission comprises signaling messages.

58. (currently amended) A system for transmitting communications from a calling party to a called party, comprising a communication node accessible by the calling party using a first network, said node being a telecommunication node configured for receiving a transmission in a first format from the calling party, converting the transmission received from the calling party from the first format to a second format~~, wherein the second format is an Internet protocol~~, and transmitting the converted transmission through the Internet to a further node capable of connecting to the called party on a further network, wherein said first format comprises a telecommunication protocol for establishing and transmitting voice communications for phone calls in one of a digital telephone network, an analog telephone network, and a cellular network, and wherein said second format is Internet protocol.

59. (canceled)

60. (previously presented) The system of claim 58, further comprising the further node, wherein said further node is configured for converting the converted transmission received from the second format to a further format.

61. (currently amended) The system of claim ~~59~~ 58, said node further comprising means for receiving voice communications initiated by the called party from the Internet and converting the received voice communications from said second format to said first format.

62. (previously presented) The system of claim 58, said node further comprising means for receiving a local call from the calling party via the one of a digital telephone network, an analog telephone network, and a cellular network, wherein said transmission is related to establishing said local call.

63. (previously presented) The system of claim 62, said node further comprising means for determining a called party number from the calling party by communicating using the local call.

64. (previously presented) The system of claim 58, said node further comprising an Internet server for connecting the node to the Internet and a telephone server for connecting the node to the one of a digital telephone network, an analog telephone network, and a cellular network.

65. (previously presented) The system of claim 64, wherein the telephone server comprises a Public Switched Telephone Network Interface.

66. (previously presented) The system of claim 58, wherein the node is further arranged and dimensioned for selecting a route to the called party based on at least one criteria of user preference.

67. (currently amended) The system of claim ~~58~~ <u>66</u>, wherein the at least one criteria comprises a specified level of transmission quality.

68. (currently amended) The system of claim ~~58~~ <u>66</u>, wherein the at least one criteria comprises credit availability of a calling party.

69. (currently amended) The system of claim ~~58~~ <u>66</u>, wherein the at least one user criteria comprises cost of routing.

70. (previously presented) The system of claim 58, wherein the transmission is related to establishing a connection for transmitting voice communication for a phone call from a calling party connected to the first access device to a called party connected to the second access device.

71. (currently amended) The system of claim 60, ~~wherein the first format comprises a telecommunication protocol for establishing and transmitting voice communication for a phone call in one of a digital telephone network, an analog telephone network, and a cellular network, and~~ wherein said further format comprises said first format or another telecommunication protocol.

72. (previously presented) The system of claim 58, wherein at least one of said first network and said further network comprises a portion of the Internet.

## REMARKS/ARGUMENTS

Claims 38, 40-41, 43-52, 56-58, and 60-72 are currently pending in the application with claims 38 and 58 being the only independent claims. Independent claims 38 and 58 are amended to incorporate the limitations of claims 39 and 59, respectively. Claims 39 and 59 are canceled. Claims 40 and 61 are amended to depend directly from independent claims 38 and 58. Claim 71 is amended to be consistent with the changes to independent claim 58. Claims 47, 50, and 51 are amended to effect editorial corrections and claims 67-69 are amended to correct claim dependencies. Reconsideration of the application in view of the following remarks is requested.

Claims 38-41, 43-52, and 56-72 stand rejected under 35 U.S.C. §103 as unpatentable over U.S. Patent No. 4,644,351 (Zabarsky) in view of U.S. Patent No. 5,406,557 (Baudoin).

The Present Invention

As set forth in the Field of the Invention and Summary of the Invention of the present application, the present invention relates to a system for providing transparent access to different types of communication networks that may be incompatible with each other and some of which may be incompatible with the equipment used by the calling party or the called party, least cost routing in such a system, maintaining quality of communication in such a system, prioritizing the routing of such communications, evaluating different communication access locations to determine where to send a communication, synchronizing communications, blocking incoming communications while waiting for the synchronizing to be completed, and minimizing the cost of communications using such a system (see paragraph [0002] of the present application as published in U.S. Patent Application Publication No. 2005/0111647). In accordance with the invention, control information in the form of an inquiry of the availability status of the party to be called may be sent through different networks by routing it through a control location of the inventive system

that converts it into a compatible form (paragraph [0006] in the publication of the present application). The inventive system may have external or internal software and hardware that intercept the normal transmission to route it appropriately. The system effects further routing, which may include converting between different forms of communication networks, compressing voice into data packets or decompressing data packets into voice, coding and decoding transmission for security reasons, and multiplexing communications over the same lines (paragraph [0008] in the publication of the present application). Advantageously, one embodiment of the present invention allows the Internet or other data network to function like a telephone system (paragraph [0041] in the publication of the present application). In that specific embodiment of the present application, callers are allowed to dial anywhere in the world for the price of a local access and service fee, thereby avoiding the use of long distance carriers and thus the usage charges typically associated with long distance calls (paragraph [0041] in the publication of the present application).

Claims 38, 41, 44, 58, 62, 70, and 71 are directed to aspects of the embodiment of the present invention described in paragraph [0041] in the publication of the present application as each of these claims requires (1) that the transmission from the first device uses voice communication protocol or is related to establishing a phone call; and (2) that the transmission is converted to Internet protocol and sent using Internet protocol.

<u>The Zabarsky and Baudoin references</u>

The cited references, Zabarsky and Baudoin, disclose solutions to problems associated with the paging and email messaging systems. In particular, Zabarsky is concerned with the provision of a nationwide radio paging service by coordinating the radio pager and the supporting system into a nationwide network wherever the pager might be located (see col. 3, lines 10-25 of Zabarsky). Baudoin, on the other hand, attempts to solve email protocol compatibility and

interoperability issues presented by different email systems. Neither Zabarsky nor Baudoin discusses or resolves the issues related to the field of voice communication, let alone suggests the transmission of a phone call through incompatible networks including the Internet for the purpose of, for example, avoiding long distance phone charges. In fact, Zabarsky teaches away from voice communications as it states that "[r]eal time voice (or data) is not always desirable to an individual who wishes only to have a message taken without having a current activity disturbed." (See col. 1, lines 37-42 of Zabarsky).

<u>Independent claims 38 and 58</u>

Independent claims 38 and 58 have been amended to incorporate the limitations of claims 39 and 59, respectively. Each of independent claims 38 and 58 now recites the "first format comprising a telecommunication protocol for establishing and transmitting voice communication for a phone call". In contrast, Zabarsky discloses the transmission of paging messages and Baudoin discloses the sending of e-mail messages. Accordingly, neither reference discloses, teaches or suggests "a telecommunication protocol for establishing and transmitting voice communication for a phone call", as recited in claims 38 and 58.

The Examiner refers to col. 4, lines 32-40 of Zabarsky as disclosing voice communication between first and second access devices (in the rejection of claims 39 and 59 at the bottom of page 3 of the Office Action and the rejection of claims 44, 62, and 71 near the bottom of page 4 of the Office Action). However, this portion of Zabarsky merely discloses that the central paging site 100 may be accessed by a public switched telephone network (PSTN) 101, a value added network (VAN) 102, or a dedicated line 103. The fact that the paging site 100 is connected to any of these networks does not mean that voice communications are being transmitted to the pagers 106; rather, it means that a paging message can be transmitted from a terminal connected to the

PSTN (see col. 15, lines 24-28 of Zabarsky). Zabarsky defines the term "pager" as a human transportable two-way radio device which interfaces with a communications network for the reception and transmission of data messages and may or may not have integral capability of message generation and presentation (see col. 5, lines 3-9 of Zabarsky). Therefore, even if the pager is contacted by the paging site 100 through the PSTN 101, the communication is in the form of data messages, i.e., paging messages, not voice communication or a phone call. Furthermore, there is no suggestion that any communication sent using the PSTN is sent via the Internet protocol in Zabarsky.

As stated above, the teaching in Baudoin is directed to e-mail messages. Thus, the combined teachings of Zabarsky and Baudoin fails to teach or suggest "a telecommunication protocol for establishing and transmitting voice communication for a phone call", as now expressly recited in claims 38 and 58.

Claims 41 and 70

Claims 41 and 70 further recite that the "transmission is related to establishing or transmitting voice communication for a phone call". As described above, the paging messages disclosed by Zabarsky and the e-mail messages disclosed by Baudoin fail to disclose, teach or suggest a transmission "related to establishing or transmitting voice communication for a phone call", as recited in claims 41 and 70.

Claim 44

Claim 44 further recites "wherein a calling party is connected to the first access device for transmitting and receiving voice communication for a phone call and a called party is connected to the second access device for transmitting and receiving the voice communication for the phone call". The paging messages disclosed by Zabarsky and the e-mail messages disclosed

by Baudoin fail to disclose, teach or suggest a calling party and a called party "for transmitting and receiving voice communication for the phone call", as recited in claim 44.

Claim 62

Claim 62 further recites "said transmission is related to establishing a phone call". The transmission of paging messages in Zabarsky and the sending of e-mail messages in Baudoin fails to disclose, teach or suggest a "transmission related to establishing a phone call".

CONCLUSION

In view of the above remarks, the rejection of claims 38, 40-41, 43-52, 56-58, and 60-72 as being unpatentable over the combined teachings of Zabarsky and Baudoin should now be withdrawn. A notice indicating the allowability of claims 38, 40-41, 43-52, 56-58, and 60-72 is therefore respectfully solicited.

It is believed that no fees or charges are required at this time in connection with the present application. However, if any fees or charges are required at this time, they may be charged to our Patent and Trademark Office Deposit Account No. 03-2412.

Respectfully submitted,
COHEN PONTANI LIEBERMAN & PAVANE LLP

By [signature]

Alfred W. Froebrich
Reg. No. 38,887
551 Fifth Avenue, Suite 1210
New York, New York 10176
(212) 687-2770

Dated: March 14, 2007