# Exhibit 7

# 3/15/02 Response to Office Action

IW 1918425

# THE UNITED STATES OF AMERICA

TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

May 07, 2013

THIS IS TO CERTIFY THAT ANNEXED IS A TRUE COPY FROM THE RECORDS OF THIS OFFICE OF THE FILE WRAPPER AND CONTENTS OF:

APPLICATION NUMBER: *09/372,024*
FILING DATE: *August 09, 1999*
PATENT NUMBER: *6,496,579*
ISSUE DATE: *December 17, 2002*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

P. SWAIN
Certifying Officer

MAR-15-2002 17:05 FROM:ARBINETTHEXCHANG 9173202006 TO: Official P.002/009

3-15-02

EOT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

Application of: Mashinsky
Serial No.: 09/372,024 Group Art Unit: 2645

Filed: August 9, 1999 Examiner: Scott L. Weaver

For: Method and System for Efficient Use of Telecommunication Networks Attorney Docket No.: 9118-038

**RESPONSE**

Sir:

This response is filed in response to the Office Action mailed October 15, 2001 in the above-identified case.

It is respectfully requested that the time for responding to the final Office Action be extended for a period of two (2) months. The fee believed due for this petition is $400.00. Please charge the appropriate amount due for this petition to Arbinet-thexchange's Deposit Account No. 50-1817.

---

**Certificate of Transmission**

I hereby certify that this paper is being filed with the Patent and Trademark Office by facsimile transmission on March 15, 2002 to facsimile telephone number 703-872-9314.

Chi K. Eng



Received from < 9173202006 > at 3/15/02 5:06:04 PM [Eastern Standard Time]

**Remarks**

The office action mailed October 15, 2001 has been carefully reviewed.

Claims 1-25 are rejected under the judicially created doctrine of double patenting over claims 1-10 of U.S. Patent No. 6,078,654.

Claims 1-25 remain pending.

Reconsideration of the pending claims is respectfully requested.

Applicant submits herewith a terminal disclaimer disclaiming the terminal part of any patent granted on this application that would extend beyond the expiration date of U.S. Patent No. 6,078,654 to Mashinsky. Submission of the terminal disclaimer does not represent acquiescence in the Examiner's statement that the pending claims are obvious in view of Mashinsky's claim 1. Instead, although the pending claims may be separately patentable over Mashinsky's claim 1, this terminal disclaimer is being filed merely to expedite prosecution of the current application.

The Examiner rejects claims 1-25 under 35 U.S.C. § 102(b) as being anticipated by U.S. Patent No. 5,027,387 to Moll ("Moll"). Applicant respectfully traverses this rejection.

Applicant submits that independent claim 1 of the present application is allowable over Moll for at least the following reasons. Each of the recited method steps in claim 1 is performed in a manner that is transparent to both the caller and the called party. Thus, the calling experience created by the method recited in claim 1 is substantially closer to that of a normal phone call than the calling experience created by the prior art cited in the parent applications, including Moll.

In particular, Moll subjects the caller and called party to frequent recorded announcements concerning various stages in the call-connection process. For example, Moll discloses:

If sufficient savings means 328 indicate that savings can be made, an announcement is sent by announcement means 315 to the calling party telephone 301 via hold means 314, the REDIC access means 302, and the PBX 300 to tell the caller that REDIC will handle the call.

Moll, Col. 5, Ln. 8. Thus, Moll does not select the call-routing direction in a manner transparent to the user. In contrast, in claim 1 of the present application, the steps of selecting a transmission path and connecting the call via the selected transmission path are performed in a manner transparent to the caller and called party.

Applicant respectfully disputes the Examiner's usage of the term "transparent". As used in the art, the term "transparent" means "pertaining to a devise or system that processes data without the user being aware of or needing to understand its operation." See e.g., McGraw-Hill Dictionary of Scientific and Technical Term (4th ed. 1989) (emphasis added) (Exhibit A). Thus, Moll does not perform a step of "selecting a transmission path" in a manner that is transparent to the user because the user receives an announcement that the call will be handled by REDIC (i.e., a REverse DIrection Calling system). The routing-3-direction for the call is therefore not selected transparently since the user is made aware of the selection. Indeed, Moll subjects the caller to a plurality of recorded announcements concerning various stages in the call-connection process and thus creates a calling experience that differs substantially from that of a regular call. In light of the above, applicant respectfully submits that independent claim 1 is patentable over Moll.

Moll does not teach or suggest delaying connection of a remote switching unit to a local telecommunication node until after a connection with the called telephone equipment has been established. Moll, for example, does not prevent the callback connection to local REDIC 204 from becoming established until after the call to called telephone 208 has been answered. Moll, col. 5, ln. 39 to col. 6, ln. 11. Instead, as taught by Moll: "If acceptance 426 is positive and available 425 determined that the called party had not stored any restrictions in its REDIC's data base 427, and the called

telephone 408 is not busy, the automated attendant 410 is instructed to dial the calling party node by means 414 via the PBX 400. Ringing commences at the called party's telephone." Moll, col. 5, lns. 48-54 (emphasis added). As the above quoted language shows, Moll's callback is initiated prior to establishing a connection between remote REDIC 205 and called telephone 208 and may be completed before the called telephone is answered. Thus, Moll cannot guarantee that the call to remote telephone 208 will result in a completed call before the time that the callback to REDIC 204 is established.

The claimed invention provides greatly decreased costs in comparison with the system described in Moll. As noted in the Background of the Invention (pp. 1-3), established billing protocols permit billing the calling party for a call only when the call results in a successful connection to a called party. One disadvantage of the prior art systems has therefore been that when the callback from the remote switching unit to the calling location is successful, but the called party cannot be reached for some reason (in Moll, for example, if the called party does not answer the call from remote REDIC 205), the caller cannot be charged for the cost of the callback since the call did not result in successful connection to the called party. The cost of the callback must instead be born by the company providing the callback service.

Moreover, established billing protocols only permit billing a calling party for the actual time period that the calling party is connected to the called party. Another disadvantage of prior art systems therefore has been that the calling party cannot be billed for any portion of the callback connection-time before the connection with the called party is established.

By contrast, the present invention ensures that charges for the call from the switching unit to the calling location are not incurred until the system establishes that the call to the called telephone equipment has been answered. This ensures that the system provider will not incur charges for calls that cannot be passed onto the calling party. Moreover, the system minimizes the amount of callback connection-time for which the

calling party cannot be billed by delaying establishment of the callback until after a connection with the called party has been established.

It is respectfully submitted that the present application is in condition for allowance in light of the above remarks. Such action is respectfully requested.

Respectfully submitted,

Date: March 15, 2002

Chi K. Eng
Reg. No. 38,870
Arbinet-thexchange, Inc.
75 Broad St., 20th Floor
New York, NY 10004
(917) 320-2064